UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRP ACQUISITION GROUP, INC.,
a Michigan Corporation d/b/a BLACK
RIVER PLASTICS and PETER H. MYTNYK,
an individual,

          Plaintiffs,

v.

PRINCIPAL LIFE INSURANCE COMPANY,
a foreign insurance company,

          Defendant.
_____/

Case No. 11-cv-12286

Paul D. Borman
United States District Judge

OPINION AND ORDER
(1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 23)
AND DISMISSING PLAINTIFF'S COMPLAINT and
(2) DENYING PLAINTIFF ATTORNEY FEES

This matter is before the Court on Defendant Principal Life Insurance Company's ("Principal") Motion for Summary Judgment. (ECF No. 23.) Plaintiff filed a response (ECF No. 25) and Principal filed a reply (ECF No. 27). The Court held a hearing on August 16, 2012. For the reasons that follow, the Court GRANTS Defendant's motion for summary judgment and DISMISSES Plaintiff's Complaint with prejudice. Further, the Court refuses to award Plaintiff attorney fees.

I.    BACKGROUND

This is an action to recover benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff Peter H. Mytnyk was a participant in a benefit plan (the "Plan") issued by Defendant Principal Life

Insurance Company ("Principal") to BRP Acquisition Group, Inc. DBA Black River Plastics ("BRP"). (ECF No. 11, Amended Complaint ¶¶ 4-6.) On or about June 2, 2009, Plaintiff, while covered by the Plan, suffered a myocardial infarction and was hospitalized at Beaumont Hospital, Royal Oak, Michigan, until approximately August 25, 2009. *Id.* ¶ 7. Beaumont submitted to Principal a notice of claim for charges incurred by Plaintiff during his stay at Beaumont in the amount of $113,280.73, which Principal denied as relating to non-covered services under the Plan. *Id.* ¶ 8. On April 22, 2011, Plaintiff filed this action in Wayne County Circuit Court seeking to recover the benefits allegedly wrongfully withheld. Principal timely removed the action to this Court on May 24, 2011. (ECF No. 1, Notice of Removal, Complaint.)

In an effort to avoid unnecessary litigation, Principal discussed the outstanding balance with Beaumont and achieved a resolution, as represented in a February 7, 2012, letter from Beaumont's director of Financial Services to counsel for Principal, Edna Bailey. Relying on this negotiated settlement, Principal filed a motion for summary judgment on February 15, 2012, seeking dismissal of Plaintiff's claims because there was no genuine issue of material fact that the remaining balance which Plaintiff sought to have Principal satisfy had been satisfied in full per the agreement between Beaumont and Principal Life. (ECF No. 23, Ex. B, Feb. 7, 2012 Letter.)

Despite this evidence that Principal had settled the claim, Plaintiff responded that there was not sufficient evidence that Principal and Beaumont had in fact reached an agreement on the charges for Plaintiff's hospitalization and that therefore genuine issues of fact remained. On March 5, 2012, attorney Bailey represented in a sworn statement that Principal and Beaumont had reached an agreement settling the claim with Beaumont and requesting that Plaintiff dismiss his claim. (ECF No. 28, April 5, 2012 Declaration of Edna S. Bailey.) Plaintiff refused to dismiss his action even

2

in the face of this sworn statement indicating that the charges had been settled and his liability resolved. Finally, on June 18, 2012, Principal filed a motion to present to the Court under seal the actual Settlement Agreement between Beaumont and Principal and Proof of Settlement from Beaumont indicating that the Settlement Agreement was accepted as full and final payment for all outstanding charges related to Plaintiff's treatment and services at Beaumont from June 2, 2009 to August 25, 2009. (ECF Nos. 33 and 34, Sealed Settlement Agreement, Sealed Proof of Settlement.) Still, Plaintiff presses on with his claim.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)

(quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

### III.   ANALYSIS

It is undisputed that the underlying claim for payment of benefits, that was at the heart of

Plaintiff's Complaint, has now been settled, as evidenced by the Sealed Settlement Agreement (ECF No. 33) and Sealed Proof of Settlement Payment (ECF No. 34). Plaintiff's claim was based solely on an outstanding balance relating to treatment he received at Beaumont for services rendered from June 2, 2009 through August 25, 2009. While Mytnyk is not defined as a Released Party in the Settlement Agreement, paragraph 4 of the Agreement states that Beaumont waives any all remaining balances relating to Mytnyk's treatment from June 2, 2009 to August 25, 2009, and specifically recites that the waiver applies to the defined Released Parties and to Myntyk. (ECF No. 33 (Sealed) ¶4.) Moreover, the Proof of Settlement letter indicates that Plaintiff has been fully absolved of liability for the charges. (ECF No. 34, Sealed Proof of Settlement.) Thus, there remains no genuine issue of material fact regarding Plaintiff's underlying claim for payment of benefits.

In declining to withdraw his motion in the face of the Settlement Agreement, it appears that Plaintiff continues to seek "costs, attorney fees and damages," which Plaintiff claims to have sustained in having to file the instant action. (ECF No. 25, Pl.'s Resp. to Def.'s Mot. Summ. Judg. 3.) For example, Plaintiff refers in his response to Defendant's motion for summary judgment to his "rightful claims for reasonable attorney fees afforded by ERISA." *Id.* at 5. Plaintiff does not cite the ERISA provision on which he relies and does not further brief the attorneys' fee issue.

In his response to Principal's motion, Plaintiff challenged the good faith intent of Beaumont and Principal to settle Plaintiff's outstanding balance, claiming that "neither Principal nor Beaumont Hospital are willing to swear under oath or penalties of perjury that" the claimed benefits would be paid. (ECF No. 25, Pl.'s Resp. to Def.'s Mot. Summ. Judg. 4.) In reply, Principal cited several cases holding that an offer of settlement moots an ERISA claim for benefits, even if the settlement is not fully consummated. (ECF No. 27, Def.'s Reply 3-4.) Principal also argued that Plaintiff had failed

5

to establish any entitlement to attorneys' fees under ERISA, both because he could not establish any degree of success on the merits and because Plaintiff represented himself, and *pro se* litigants are not entitled to attorneys' fees under ERISA. Principal noted that if Plaintiff was claiming to be represented by his son, Christopher Mytnyk, the latter had never filed an appearance in the case. *Id.* at 5. Christopher Mytnyk, Plaintiff's son, only recently filed his appearance in the case. (ECF No. 35, Aug. 8, 2012 Appearance.) However, insofar as Christopher Mytnyk has signed pleadings in this matter, this eliminated the necessity for filing a personal appearance per E.D. Mich. L.R. 83.25.

The Court finds that Christopher Mytnyk has multiplied the proceedings in this case unreasonably and vexatiously in violation of 28 U.S.C. § 1927, thereby exposing himself to satisfy personally the excess costs, expenses and attorneys' fee reasonably incurred by Principal because of his conduct. As discussed herein, Christopher Mytnyk's conduct is outrageous, and the Court concludes that he is not entitled to legal fees.

Specifically, even in the face of an executed Settlement Agreement fully satisfying the outstanding balance on Plaintiff's account, in which Beaumont waives its right to attempt to collect the outstanding balance from Plaintiff, Plaintiff continued to press his opposition to Defendant's motion for summary judgment. For the reasons that follow, the Court concludes that no genuine issues of fact remain, that Principal is entitled to summary judgment and that Plaintiff is not entitled to recover attorneys fees under ERISA. In fact, if anyone is entitled to fees in this case, it should be Principal, who has been attempting in good faith to settle the outstanding balance with Beaumont since this litigation began, all the while having to defend against a rolling litany of specious claims

by Plaintiff.[1]

Principal rightfully claims that Plaintiff has wasted time with improper and unnecessary pleadings. Principal twice filed motions to dismiss, both of which were conceded by Plaintiff's stipulation. (ECF Nos. 6 (Defendant's Motion to Dismiss), 9 (Plaintiff's Stipulation to withdraw certain claims and file an amended Complaint), 11 (Plaintiff's Amended Complaint), 15 (Defendant's Motion to Dismiss), 18 (Plaintiff's Stipulation to dismiss Count II)). Principal points out, correctly, that Plaintiff has never even attempted in his brief to demonstrate his entitlement to attorneys' fees

However, even assuming that Plaintiff can be deemed to have achieved "some measure" of success through this action, *see Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010) (holding that fee claimant under ERISA must show some degree of success on the merits before a court may award fees under 28 U.S.C. § 1132(g)(1)), Plaintiff must still satisfy the five-factor test for such a fee award. *Hardt*, 130 S. Ct. 2158 n. 8 ("We do not foreclose the possibility that once a claimant has satisfied this requirement [of establishing some degree of success on the merits], and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals, *see* n. 1, supra, in deciding whether to award attorney's fees.") Those five factors are:

> These factors are: (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant

---

[1] At the hearing on this matter, Christopher Mytnyk conceded liability in favor of Principal but preserved the right to seek attorney fees. The Court will not entertain such a motion, as the Court ruled at the hearing, and for the reasons further stated in this Opinion and Order.

7

legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Hardt*, 130 S. Ct. 2154 n. 1 (internal citation and quotation marks omitted). *See also Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (applying the same five-factor test).

In this case, Plaintiff has not even attempted to make a showing regarding these five factors. The Court concludes: (1) there is no evidence of bad faith on Principal's part; (2) Principal likely would be able to satisfy an award; (3) an award of fees would have no deterrent effect because Principal acted in good faith in its efforts to settle the claim for benefits in Plaintiff's case and in fact did so successfully; (4) there was absolutely no benefit to anyone other than Plaintiff; and (5) Principal has worked in good faith toward a settlement of this matter since the claim was filed and Plaintiff has vexatiously continued efforts to litigate the matter despite the fact that the delay in finalizing a settlement had absolutely no negative impact, financial or otherwise, on Plaintiff.

Given Christopher Mytnyk's conduct in violation of 28 U.S.C. § 1927, the Court refuses to entertain any motion for, and refuses to award, attorney fees to Plaintiff in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court (1) GRANTS Defendant's motion for summary judgment and DISMISSES Plaintiff's Complaint with prejudice and (2) refuses to award Plaintiff attorney fees.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 9-25-12