UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRP ACQUISITION GROUP, INC.
and PETER H. MYTNYK,

               Plaintiffs,

                             CASE NO. 2:11-CV-12286
     v.                        JUDGE PAUL D. BORMAN
                             MAGISTRATE JUDGE PAUL J. KOMIVES

PRINCIPAL LIFE INSURANCE
COMPANY,

               Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S OCTOBER 23, 2012 MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927 (Doc. Ent. 39)**

**I.**    **RECOMMENDATION:** The Court should grant defendant's October 23, 2012 motion for fees and costs pursuant to 28 U.S.C. § 1927 (Doc. Ent. 39) and award defendant attorney fees in the amount of $8,808.50 and costs in the amount of $601.42.

**II.**    **REPORT:**

**A.**    ***Procedural Background***

      BRP Acquisition Group, Inc., and Peter H. Mytnyk filed this case against Principal Life Insurance Company in state court on April 22, 2011. Case No. 11-004809-CK (Wayne County). The causes of action include (I) breach of contract and (II) third party beneficiary. Doc. Ent. 1-1.

      Defendant removed the case to this Court on May 24, 2011. Doc. Ent. 1; Doc. Ent. 2. On June 1, 2011, defendant filed an unopposed motion for an enlargement of time to file its responsive pleading. Doc. Ent. 4. Judge Borman granted the motion on June 7, 2011 and set the deadline for an answer for June 21, 2011. Doc. Ent. 5.

1

On July 15, 2011, plaintiff Mytnyk filed a first amended complaint against Principal Life Insurance Company. Doc. Ent. 11. The first amended complaint notes that plaintiff was admitted to Beaumont Hospital on or about June 2, 2009, where he remained hospitalized until approximately August 25, 2009, and asserts that defendant "was obligated to pay for various covered charges including charges invoiced by Beaumont Hospital for room and board during Mytnyk's hospital confinement." Doc. Ent. 11 ¶¶ 7, 8. The causes of action include (I) BREACH OF CONTRACT ACTION TO RECOVER FULL BENEFITS PURSUANT TO ERISA, 29 U.S.C. §1132(a)(1)(B) and (II) ACTION UNDER ERISA, 29 U.S.C. §1132(a)(3) TO REMEDY BREACH OF FIDUCIARY DUTY. Doc. Ent. 11 ¶¶ 10-16, 17-19. Within his prayer for relief, plaintiff sought "[r]easonable attorney fees and costs, pursuant to ERISA, 29 U.S.C §1132(g)(1)[.]" Doc. Ent. 11 at 6 ¶ 5.[1]

On July 29, 2011, defendant filed an unopposed motion for an enlargement of time to file its responsive pleading to plaintiff Mytnyk's amended complaint. Doc. Ent. 13.[2] Defendant filed its answer on August 8, 2011. Doc. Ent. 14.

**B.     *Disposition of the Case***

**1.**     On June 21, 2011, defendant filed a motion to dismiss any and all claims in plaintiffs' original complaint and to strike plaintiffs' jury demand. Doc. Ent. 6. A hearing was noticed for October 6, 2011. Doc. Ent. 7. However, on August 11, 2011, the hearing on this motion was cancelled.

---

[1]*See also* Doc. Entries 11-1 & 11-2 (Exhibit A, Parts 1 & 2), 11-3 (Exhibit B), 11-4 (Exhibit C), Doc. Ent. 12 (Exhibit A, Part 3).

[2]On August 10, 2011, Judge Borman granted the motion and set the deadline for August 8, 2011. Doc. Ent. 16.

2.      In the meantime, on August 8, 2011, defendant filed a motion to dismiss Count II of plaintiff's amended complaint. Doc. Ent. 15. A hearing was noticed for October 6, 2011. Doc. Ent. 17. However, on August 29, 2011, Judge Borman entered a stipulation and order to dismiss Count II of the first amended complaint. Doc. Ent. 19.

On November 15, 2011, the parties filed a proposed scheduling order and case management plan, which provided that "Defendant Principal Life w[ould] produce a copy of its claim file pertaining to Plaintiff's claim to Plaintiff's counsel on December 15, 2011." Doc. Ent. 21 at 3 ¶ 5. Three days later, on November 18, 2011, Judge Borman entered a scheduling order setting the discovery deadline for January 15, 2012 and the dispositive motion deadline for February 15, 2012. Doc. Ent. 22.[3]

3.      On February 15, 2012, defendant filed a motion for summary judgment on plaintiff's amended complaint. Doc. Ent. 23. The sole argument was, "Principal Life is Entitled to Summary Judgment Because No Outstanding Benefits Are Due to Plaintiff." Doc. Ent. 23 at 10. Attached to this motion was a copy of the April 2009 Group Insurance Policy (Doc. Ent. 23-1) and February 7, 2012 correspondence from Beaumont Hospitals to defense counsel (Doc. Ent. 23-2).

A hearing was noticed for May 30, 2012. Doc. Ent. 24. Plaintiff Mytnyk filed a response on March 15, 2012, the attachments to which included a same-day affidavit from plaintiff Peter H. Mytnyk (Doc. Ent. 25-4). Doc. Ent. 25.[4] Defendant filed a reply on April 5, 2012. Doc. Ent. 27; *see also* Doc. Ent. 28 (Affidavit of Edna S. Bailey). Then, during May 2012, the hearing noticed

---

[3]According to plaintiff, he did not receive the claim file until January 17, 2012. Doc. Ent. 42 at 2.

[4]On April 3, 2012, defendant filed a motion for order continuing the hearing set for May 30, 2012. Doc. Ent. 26.

for May 30, 2012 was rescheduled for August 14, 2012.[5]

On June 18, 2012, attorney Wylie filed an appearance on behalf of defendant (Doc. Ent. 30), and defendant filed a motion for leave to supplement briefing of motion for summary judgment and to file under seal (Doc. Ent. 31).[6] On July 12, 2012, Judge Borman entered an order (Doc. Ent. 32) granting defendant's June 18, 2012 motion (Doc. Ent. 31).

On July 19, 2012, defendant filed sealed exhibits: a confidential release dated May 23, 2012 (Doc. Ent. 33) and correspondence dated April 23, 2012 from defendant to defense counsel and dated May 23, 2012 from defense counsel to William Beaumont Hospital's Office of Legal Affairs (Doc. Ent. 34).[7]

On August 9, 2012, the hearing was rescheduled to August 16, 2012. On August 16, 2012, Judge Borman heard oral argument. With respect to fees, the Court stated:

> The Court is not going to give Mr. Peter -- Mr. Christopher Mytnyk attorney fees. He filed an appearance on August 8th. I think he's fortunate that I haven't invoked Rule 37 or done sanctions on this. There is no reason this case should not have been done months and months and months ago. It's a waste of the Court's time. It's a waste of Defendant's time. And that is the ruling of the Court.

Doc. Ent. 38 at 12 (p.12); *see also* Doc. Ent. 42-2.

On September 25, 2012, Judge Borman entered an opinion and order (I) granting defendant's motion for summary judgment (Doc. Ent. 23) and dismissing plaintiff's complaint and (II) denying

---

[5]On May 23, 2012, the Court set a hearing for August 14, 2012. Then, on May 30, 2012, Judge Borman entered a stipulated order to adjourn the hearing on defendant's motion for summary judgment scheduled for May 30, 2012 to August 14, 2012. Doc. Ent. 29.

[6]Attached to this filing was defense counsel's June 18, 2011 affidavit (Doc. Ent. 31-1), which stated that the settlement agreement between Beaumont Hospital and Principal Life was executed on May 23, 2012. Doc. Ent. 31-1 ¶ 5.

[7]On August 8, 2012, attorney Christopher B. Mytnyk filed an appearance on behalf of plaintiff. Doc. Ent. 35.

4

plaintiff attorney fees.  *See* Doc. Ent. 36.  Therein, Judge Borman found that "Christopher Mytnyk has multiplied the proceedings in this case unreasonably and vexatiously in violation of 28 U.S.C. §1927, thereby exposing himself to satisfy personally the excess costs, expenses and attorneys' fee reasonably incurred by Principal because of his conduct."  Doc. Ent. 36 at 6; *see also* Doc. Ent. 36 at 6-8.  Judgment was entered the same day.  Doc. Ent. 37.

**C.   *The Instant Motion***

Currently before the Court is defendant's October 23, 2012 motion for fees and costs pursuant to 28 U.S.C. § 1927.  Doc. Ent. 39.  Therein, defendant maintains that the amount of attorney fees reasonably incurred "as a result of Plaintiff's continued pressing of his claims[,]" totals $12,029.00.  Doc. Ent. 39 at 6-7.  Furthermore, defendant maintains that the amount of costs reasonably incurred totals $601.42.  Doc. Ent. 39 at 7.

Plaintiff Mytnyk filed a response on November 7, 2012.  Doc. Ent. 42.  Defendant filed a reply on November 14, 2012.  Doc. Ent. 43.

Judge Borman referred this motion to me for entry of a report and recommendation.  Doc. Ent. 40.  Although a hearing was noticed for November 30, 2012 (Doc. Ent. 41), the hearing was cancelled on November 28, 2012.

**D.   *Discussion***

**1.**   "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927 ("Counsel's liability for excessive costs").

5

2.      Attached to plaintiff Peter H. Mytnyk's response is his November 7, 2012 affidavit.  Doc.

Ent. 42-1.  Among other things, plaintiff attests:

> That at all time relevant to this lawsuit and during the course of this litigation
> William Beaumont Royal Oak Hospital (Beaumont Hospital) invoiced me
> $113,280.72 for services provided to me during my hospitalization and which were
> wrongfully rejected by Defendant which rejected claims form the basis of my
> Complaint filed in this suit.
>
> That it was not until after Defendant was served with the Summons and Complaint
> did it initially pay Beaumont Hospital approximately $97,000.00 and the balance of
> the hospital's claim was not paid until May 23, 2012 and proof of such settlement
> was not provided to him until approximately three weeks prior to the hearing on
> Defendant's Motion for Summary Judgment in the form of a confidential settlement
> agreement and release of the undersigned's liability.

Doc. Ent. 42-1 at 2 ¶¶ 4, 5.

**3.      Having considered the aforementioned procedural history of this case and motion
papers, the Court should enter an order granting defendant's October 23, 2012 motion (Doc.
Ent. 39) and award defendant attorney fees in the amount of $8,808.50 and costs in the amount
of $601.42.**

For the most part, defendant has supported its request for attorney fees and costs.  Attached
to defendant's motion are the October 23, 2012 affidavit of attorney Edna Sybil Kersting in support
of Principal Life Insurance Company's motion for fees, expenses and costs (Doc. Ent. 39-1), the
profile of attorney Edna S. Kersting (Doc. Ent. 39-2), the profile of attorney Rebecca M. Rothmann
(Doc. Ent. 39-3) and the profile of attorney Courtney O. Wylie (Doc. Ent. 39-4).

Furthermore, defendant provides a chart indicating revenue hours and revenue amounts for
each of these attorneys.  However, there are some discrepancies between defense counsel's affidavit
(Doc. Ent. 39-1 ¶¶ 10, 12) and the information in the chart (Doc. Ent. 39-5).  For example, defendant
seeks reimbursement for 27.90 hours attributable to Kersting for the period February 14, 2012 to

October 16, 2012,[8] each of which is billed at an hourly rate of $270, which results in a total of $7,533. Therefore, defendant has supported a request for reimbursement of $7,533 for attorney Kersting's work.

Next, defendant seeks reimbursement for 4.10 hours attributable to Rothmann for the period April 16, 2012 to July 13, 2012, 0.1 of which is billed at an hourly rate of $275, 3.8 of which is billed at an hourly rate of $295, and .20 of which is billed, oddly, at an hourly rate of $737.50.[9] Here, the outlying billing should be assessed at an hourly rate of $295. Taking this position, defendant has supported a request for reimbursement of $1,207.50 for attorney Rothmann's work.

Finally, defendant seeks reimbursement for 3.8 hours attributable to Wylie for the period June 6, 2012 to July 19, 2012, 2.5 of which is billed at an hourly rate of $185 and 1.3 of which is billed at an hourly rate of $195, which results in a total of $716. Doc. Ent. 39-5 at 4-5. Therefore, defendant has supported a request for reimbursement of $716 for attorney Wylie's work.

In sum, defense counsel's affidavit and chart, together, support an award of attorney fees in the amount of $9,456.50. However, for the reasons set forth below, this report recommends an award for $8,808.50.

Additionally, defendant provides a list of costs and expenses (airfare $367.60, FedEx-Overnite Express Courier $23.52, Local Travel (Parking & Tolls) $23.00, Meals $66.00, Out-of-

---

[8]The total attributed to Kersting is listed as 27.90 hours, which is consistent with Kersting's time total listed in defense counsel's affidavit; however, Kersting's time listed in the chart amounts to 37.1 hours for the period February 14, 2012 to October 23, 2012. This report assumes the 9.2 hour difference is attributable to the last seven (7) entries, most of which appear to relate to the instant motion for attorney fees (Doc. Ent. 39), and that defendant is not seeking reimbursement for these charges. Also, I note that the revenue total listed for Kersting is $6,480.00, which would be twenty-four (24) hours of work at $270 per hour. *See* Doc. Ent. 39-1 ¶ 12, Doc. Ent. 39-5 at 1-3.

[9]For this reason, the chart's total attributed to Rothmann is $1,296.00. Doc. Ent. 39-5 at 4.

Town Travel (Other) $106.70, Pacer Service Center-Court costs $9.80 and Postage $4.80), spanning the period February 17, 2012 to August 16, 2012, which totals $601.42.  Doc. Ent. 39-6; *see also* Doc. Ent. 39-1 ¶ 13.

**4.**     Moreover, I am not free to arrive at a conclusion different than the one voiced by Judge Borman on August 16, 2012 (*see* Doc. Ent. 38 at 12) and memorialized in his September 25, 2012 opinion and order (*see* Doc. Ent. 36 at 6).  Plaintiff's request that I do so is rejected.[10]

The only remaining question is for what period - beginning with plaintiff's receipt of the February 7, 2012 letter (Doc. Ent. 23-2), which this report assumes occurred at the latest on February 15, 2012[11] - is defendant entitled to reimbursement under 28 U.S.C. § 1927 for attorney fees.  Defendant's filings which post-date the February 7, 2012 letter include its February 15, 2012 motion for summary judgment (Doc. Ent. 23), its April 3, 2012 motion for order (Doc. Ent. 26), its April 5, 2012 reply and affidavit (Doc. Entries 27 and 28), the June 18, 2012 notice of appearance and motion for leave to file (Doc. Entries 30 and 31), the July 19, 2012 sealed exhibits (Doc. Entries 33 and 34), the instant October 23, 2012 motion for attorney fees (Doc. Ent. 39) and a November 14, 2012 reply (Doc. Ent. 43).

In his November 7, 2012 response, plaintiff does not contest the reasonableness of the hours set forth in defense counsel's chart or counsels' rates or the costs.  Instead, plaintiff challenges the necessity of defense counsel's filings.  For example, plaintiff contends that certain motions and

---

[10]In his November 7, 2012 response, plaintiff asserts that "[a]ll of the undersigned's conduct at issue occurring after the filing of Principal's motion for summary judgment should be considered reasonable and acted out in good faith[,]" Doc. Ent. 42 at 7.

[11]During the August 16, 2012 hearing, defense counsel (who appeared as Edna S. Bailey [Doc. Ent. 38 at 1] but who this report assumes is the same as Edna S. Kersting [Doc. Ent. 39-2]) represented that defendant received correspondence from Beaumont Hospital on February 7, 2012 and that it was immediately forwarded to plaintiff's counsel.  Doc. Ent. 38 at 11.

pleadings were "unnecessary," asserts that defendant's "own litigation tactics have resulted in unnecessary and avoidable attorney fees for all parties involved[,]" and points out that Rothmann did not file an appearance in this case. *See* Doc. Ent. 42 at 6-8.

Plaintiff maintains that "Principal's counsel should have informed the undersigned that an agreement had been consummated in May 2012." Instead, plaintiff asserts, defendant "chose to pursue the filing of uncontested pleadings and motions well after Beaumont Hospital's settlement charges were paid leading Mytnyk to believe that there remained unsettled account charges with Beaumont Hospital." Doc. Ent. 42 at 5. According to plaintiff, "Mytnyk continued to receive statements of account from Beaumont Hospital during the pendency of this litigation." Doc. Ent. 42 at 5 (citing plaintiff's March 15, 2012 affidavit [Doc. Ent. 25-4]). Also, plaintiff contends that "[t]he hearing on Principal's motion should have taken place as originally scheduled on May[] 30, 2012 but for Principal's request for a continuance despite its direct knowledge of the settlement dated May 23, 2012." Doc. Ent. 42 at 7. Within his discussion of the reasons supporting denial of defendant's motion (Doc. Ent. 42 at 5-8), plaintiff Mytnyk avers: "Principal's sole reference and reliance in support of its motion highlights dicta contained in the Opinion and Order dated September 25, 2012 – dicta which Mytnyk and the undersigned vehemently disagrees with." Doc. Ent. 42 at 8.

However, at the latest, plaintiff was made aware of the February 7, 2012 letter (Doc. Ent. 23-2) by virtue of its attachment to defendant's February 15, 2012 motion for summary judgment (Doc. Ent. 23). And, whatever is to be made of "uncontested pleadings and motions," plaintiff must have known of the May 23, 2012 agreement by way of defense counsel's mention of it in her June 18,

2012 affidavit,[12] which was filed with the Court that same day (*see* Doc. Ent. 31-1). Moreover, the May 23, 2012 release and correspondence (Doc. Entries 33 and 34) were filed under seal on July 19, 2012. Additionally, defendant has provided the July 20, 2012 correspondence from defense counsel to attorney Peter H. Mytnyk (Doc. Ent. 43-1), whereby defendant provided plaintiff with copies of the documents filed under seal (*see* Doc. Entries 33 and 34) pursuant to the Court's July 12, 2012 order (Doc. Ent. 32). Therefore, plaintiff actually knew about the May 23, 2012 release and correspondence (Doc. Entries 33 and 34) on or about July 20, 2012. *Still*, the Court conducted a hearing on August 16, 2012 and issued its September 25, 2012 opinion and order (Doc. Ent. 36).[13]

As defendant explains in its November 14, 2012 reply, "[t]he agreement was reached in February 2012, prior to the filing of Principal Life's [February 15, 2012] dispositive motion [Doc. Ent. 23]. The parties solely continued to finalize the wording of the agreement - a fact that did not prejudice Plaintiff in any way as correctly pointed out by the District Court in its September 25, 2012 opinion [Doc. Ent. 36] and did not warrant Plaintiff's insistence on pressing on with his claims against Principal Life." Doc. Ent. 43 at 5 n.1.

The Court's August 16, 2012 statement was that "[t]here is no reason this case should not have been [concluded] months and months and months ago." Doc. Ent. 38 at 12. The Court should agree with defendant that "[p]laintiff should have dismissed his lawsuit after receipt of Beaumont

---

[12]Although the affidavit is dated June 18, 2011, this report assumes this was a typographical error and it was intended to be dated June 18, 2012. *See* Doc. Ent. 31-1.

[13]During the August 16, 2012 hearing, plaintiff's counsel himself acknowledged that, with the exception of plaintiff's request for attorney fees (*see* Doc. Ent. 11 at 6 ¶ 5), this case "was resolved when the dis -- the last disputed claims were paid as of -- I believe the pay date was May the 23rd, well after the summary disposition motion was filed." Doc. Ent. 38 at 6; *see also* Doc. Ent. 38 at 3-4. Plaintiff having been notified of the May 23, 2012 release and correspondence on or about July 20, 2012, there is little question that the August 16, 2012 hearing and September 25, 2012 decision of the Court were unnecessary.

Hospital's February 7, 2012 correspondence [Doc. Ent. 23-2] memorializing the settlement reached between Beaumont Hospital and Principal Life relative to Plaintiff's outstanding balance (or at least agreed to an extension of the dispositive motion deadline while the settlement agreement was finalized as requested by Principal Life's counsel)[,]" Doc. Ent. 43 at 6 ¶ 1; accordingly, the Court should award fees which were incurred following the filing of the February 15, 2012 dispositive motion (Doc. Ent. 23). This conclusion would (a) deny reimbursement for Kersting's February 14, 2012 and February 15, 2012 billings (2.4 hours, $270 hourly rate, $648.00), (b) begin reimbursement for Kersting with her February 17, 2012 billing,[14] (c) include the amounts set forth above for Rothmann and Wylie and (d) include all of the costs and expenses for which defendant applied. *See* Doc. Ent. 39-5 at 1, Doc. Ent. 39-6.

**In sum, the Court should award attorney fees in the amount of $8,808.50 ($6,885.00 for Kersting, $1,207.50 for Rothmann, $716.00 for Wylie) and costs and expenses in the amount of $601.42.**

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of*

---

[14]Of the 27.9 hours of Kersting's work for which defendant seeks reimbursement, at least 4.8 hours ($1,296.00), spanning the dates October 2, 2012 to October 16, 2012, appear related to the instant motion. *See* Doc. Ent. 39-5 at 2. In his September 25, 2012 order, Judge Borman stated that, "if anyone is entitled to fees in this case, it should be [defendant][.]" Doc. Ent. 36 at 6. Therefore, this report includes in its recommendation reimbursement for these four entries beginning October 2, 2012 and totaling 4.8 hours.

*Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231,*

*American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Dated: March 21, 2013          S/Paul J. Komives_____
                               Paul J. Komives
                               United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March
21, 2013, by electronic and/or ordinary mail.
                               S/Shawntel R. Jackson_____
                               Case Manager

12