UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER H. MYTNYK,
an individual,

    Plaintiff,

v.

PRINCIPAL LIFE INSURANCE COMPANY,
a foreign insurance company,

    Defendant.
_____/

Case No. 11-cv-12286

Paul D. Borman
United States District Judge

Paul J. Komives
United States Magistrate Judge

<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE PAUL J. KOMIVES'S
MARCH 21, 2013 REPORT AND RECOMMENDATION;
(2) GRANTING DEFENDANT'S MOTION FOR FEES AND COSTS
PURSUANT TO 28 U.S.C. § 1927; and
(3) AWARDING DEFENDANT ATTORNEYS' FEES IN THE AMOUNT OF $8.808.50 AND
COSTS IN THE AMOUNT OF $601.42</u>

Before the Court are Plaintiff Peter H. Mytnyk's ("Mytnyk") Objections (ECF No. 45, Objections) to Magistrate Judge Komives's March 21, 2013 Report and Recommendation Regarding Defendant's October 23, 2012 Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 (ECF No. 44, Report and Recommendation.)  This Court reviews *de novo* the portions of the Report and Recommendation to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Mytnyk's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant Principal Life Insurance Company's ("Principal Life")

Motion for Fees and Costs and AWARDS attorneys' fees in the amount of $8,808.50 and costs and expenses in the amount of $601.42.

The background facts of this matter are thoroughly set forth by the Magistrate Judge in his Report and Recommendation and in this Court's September 25, 2012 Opinion and Order Granting Principal Life's Motion for Summary Judgment.  When Principal Life presented Mytnyk with evidence of a settlement agreement that, if consummated, would completely dispose of Mytnyk's claims, Mytnyk and his counsel refused to agree to an extension of the briefing and hearing dates, a simple solution that presented no prejudice to Mytnyk and that would have prevented "the brunt of the work" that has occurred in this case.  (ECF No. 38, Transcript of August 16, 2012 Hearing on Defendant's Motion for Summary Judgment 11.)  As the Court explained in its Opinion and Order, and as the Court made clear at the August 16, 2012 hearing on this matter, Mytnyk and his counsel's conduct in refusing to, at a minimum, consent to an extension of the dispositive motion briefing and hearing schedules in this case, in the face of a documented settlement that would completely dispose of his claims, was "outrageous" and "in violation of 28 U.S.C. § 1927."  (ECF No. 36, Opinion and Order at 6, 8.)  Although Mytnyk attempted to relitigate this issue before the Magistrate Judge, this Court had clearly ruled that this conduct violated § 1927.  Mytnyk never moved this Court to reconsider this ruling, apparently hoping that Principal Life would not act on the Court's suggestion that it was entitled to seek fees and costs.

The Magistrate Judge correctly concluded that this litigation should have come to some type of stipulated standstill at least as early as February 15, 2012, when Principal Life filed its motion for summary judgment and attached correspondence that indicated that a settlement had been reached between Beaumont Hospital and Principal Life that would completely resolve Mytnyk's

claims against Principal Life. While dismissal of the suit may have been premature at that point, there is no question that Mytnyk should have consented to an extension of all further scheduling dates while the settlement agreement was finalized. Mytnyk refused and, as a result, further motions were filed, hearings were held and both counsel and the Court were forced to dedicate both time and resources to bringing closure to an action that should have stopped generating fees months ago.

The Magistrate Judge correctly concluded that all fees and expenses that have flowed from Mytnyk and his counsel's unnecessary multiplication of proceedings in this matter, including fees associated with continuances that were requested by Principal Life after Mytnyk's counsel refused to stipulate to adjourn motion hearing dates and fees incurred in preparation of post-judgment motions, are properly awarded to Principal Life. The Court notes that Mytnyk has not challenged Principal Life's counsel's hours spent or the hourly rates itemized in Principal Life's motion.

Accordingly, the Court rejects Mytnyk's objections, ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 44), GRANTS Principal Life's Motion for Attorneys' Fees and Costs (ECF No. 39) and AWARDS Principal Life $8,808.50 in attorneys' fees and $601.42 in costs. IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 19, 2013.

                                        s/Deborah Tofil
                                        Case Manager